UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

WILLIAM ZOLLER,                                    **DEFENDANT'S REQUEST
                                                   FOR PRODUCTION OF
                          Plaintiff,               DOCUMENTS**

          -against-                          07 CIV. 10291 (PKL)

THE CITY OF NEW YORK                               City File No.: 2007-038576

                          Defendant.

-----------------------------------------------------------------------x

      **PLEASE TAKE NOTICE** that pursuant to Rules 34 of the Federal Rules of Civil Procedure, defendant demands that plaintiff produce the following documents for inspection and copying. You must serve your response within thirty (30) days after service of these requests.

      These requests to produce documents shall be deemed to continue beyond the date you serve your responses upon defendant's attorney.

      1.     Produce any and all W-2 forms for 2002 to the present.

      2.     Produce complete Federal, State and Local Income tax returns, including all schedules and attachments, for 2002 to the present.

      3.     Provide authorizations that would enable defendant to obtain copies of your federal, state, and local tax returns, including schedules and attachments, from the Internal Revenue Service and state and local taxing authorities, from 2002 to the present. Such authorizations are to be provided on the IRS or other taxing authorities' own forms issued for the purpose of obtaining tax returns,.

      4.     Complete and provide HIPAA-compliant authorizations which would permit the defendant or the Office of the Corporation Counsel of the City of New York to

receive copies of all medical (including, but not limited to, patient history, examination notes, reports of diagnostic studies or surgery, records of treatment, emergency room records, actual films of x-rays, MRIs, CAT-scans, or other diagnostic tests) and pharmacy records relating to:

(a) any injury you alleged to have received as a result of the incident set forth in your complaint;

(b) any other injury to the same body part you alleged to have inured as a result of the incident set forth in your complaint;

(c) any other injury reasonably related to the injury you alleged to have received as a result of the incident set forth in your complaint;

(d) any hospital admission or treatment, including emergency room treatment, during the ten-year period prior to the incident alleged in the complaint up to the present.

(e) any pre-existing injury or medical condition that you alleged has been aggravated as a result of the incident set forth in your complaint.

(f) any and all "primary care" or "family" physician(s) that have consulted with, examined, and/or treated the plaintiff during the ten-year period prior to the incident alleged in the complaint up to the present.

5.    Authorizations for x-ray, MRI, CAT-scan, or other films should be specifically provided. Where the film was generated at a hospital or medical institution, the authorization should be directed to the Radiology Department of said hospital or medical institution.

6.    Complete and provide HIPAA-compliant authorizations which would permit the defendant or the Office of the Corporation Counsel of the City of New York to

receive copies of all medical (including, but not limited to, patient history, examination notes, reports of diagnostic studies or surgery, records of treatment, emergency room records, actual films of x-rays, MRIs, CAT-scans, or other diagnostic tests) and pharmacy records in regard to plaintiff in the possession of the New York City Police Pension Fund and the New York City Police Department.

7. Provide, to the extant in plaintiff's possession medical and psychiatric/psychological records (including, but not limited to, patient history, examination notes, reports of diagnostic studies or surgery, records of treatment, emergency room records, actual films of x-rays, MRIs, CAT-scans, angiograms, or other diagnostic tests) and pharmacy records relating to:

> (a) any injury you alleged to have received as a result of the incident set forth in your complaint;
>
> (b) any other injury to the same body part you alleged to have inured as a result of the incident set forth in your complaint;
>
> (c) any other injury reasonably related to the injury you alleged to have received as a result of the incident set forth in your complaint;
>
> (d) any hospital admission or treatment, including emergency room treatment, during the ten-year period prior to the incident alleged in the complaint up to the present.
>
> (e) any pre-existing injury or medical condition that you alleged has been aggravated as a result of the incident set forth in your complaint.
>
> (f) any and all "primary care" or "family" physician(s) that have consulted with, examined, and/or treated the plaintiff during the ten-year period prior to the

incident alleged in the complaint up to the present. Authorizations for eye glass and vision care records for the ten-year period prior to the incident alleged in the complaint up to the present.

8.  Color copies of photographs provided in plaintiff's Initial Disclosures.

Dated:  New York, New York
January 30, 2008

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel
                                      Attorney for Defendant
                                      100 Church Street
                                      New York, NY 10007

                                      By: _____
                                      Anshel David
                                      Assistant Corporation Counsel
                                      (AD 429)
                                      (212) 788-0602

TO:   FRIEDMAN & JAMES LLP
       Attorneys for Plaintiff
       132 Nassau Street, Suite 900
       New York, NY 10038
       (212) 233-9385

Index No.: 07 Civ10291 (PKL)

| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
|---|
| WILLIAM ZOLLER,<br><br>              Plaintiff,<br><br>- against -<br><br>THE CITY OF NEW YORK,<br><br>              Defendant. |
| **DEFENDANT'S REQUEST FOR<br>PRODUCTION OF DOCUMENTS** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br><br> *Attorney for the City of New York*<br> *100 Church Street*<br> *New York, N.Y. 10007*<br><br> *Of Counsel: Anshel David*<br> *Tel: (212) 442-8599*<br>  *NYCLIS No.05TT021359* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  , 200 . . .*<br><br>*………… Esq.*<br><br>*Attorney for* |

- 6 -